**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARLOS MOLINA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | ) Case No.: 1:11-cv-01132 - JLT<br>)<br>) ORDER DIRECTING ENTRY OF JUDGMENT IN<br>) FAVOR OF DEFENDANT, MICHAEL J. ASTRUE,<br>) COMMISSIONER OF SOCIAL SECURITY, AND<br>) AGAINST PLAINTIFF CARLOS MOLINA<br>)<br>)<br>)<br>)<br>) |

　　　　Carlos Molina ("Plaintiff") asserts he is entitled to a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act. Plaintiff argues the administrative law judge ("ALJ") erred in evaluating the opinion of a non-examining physician. Therefore, Plaintiff seeks review of the administrative decision denying his claims for benefits. For the reasons set forth below, the administrative decision is **AFFIRMED**.

**PROCEDURAL HISTORY**[1]

　　　　Plaintiff filed an application for supplemental security income on June 7, 2007, alleging disability beginning May 31, 2001. AR at 154. On November 5, 2007, Plaintiff filed an application for a period of disability and disability insurance benefits. *Id.* at 162-64. The Social Security

---

[1] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

1

Administration denied his claims initially and upon reconsideration. *Id.* at 59-109. After requesting a hearing, Plaintiff testified before an ALJ on November 17, 2009. *Id.* at 29-58. The ALJ determined Plaintiff was not disabled, and issued an order denying benefits on February 5, 2010. *Id.* at 9-16. Plaintiff requested review of the ALJ's decision by the Appeals Council of Social Security, which was denied on May 11, 2011. *Id.* at 1-4. Therefore, the ALJ's determination became the decision of the Commissioner of Social Security ("Commissioner").

## **STANDARD OF REVIEW**

District courts have a limited scope of judicial review for disability claims after a decision by the Commissioner to deny benefits under the Social Security Act. When reviewing findings of fact, such as whether a claimant was disabled, the Court must determine whether the Commissioner's decision is supported by substantial evidence or is based on legal error. 42 U.S.C. § 405(g). The ALJ's determination that the claimant is not disabled must be upheld by the Court if the proper legal standards were applied and the findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health & Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938)). The record as a whole must be considered, because "[t]he court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion." *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

## **DISABILITY BENEFITS**

To qualify for benefits under the Social Security Act, Plaintiff must establish he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B). The burden of proof is on a claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990). When a claimant establishes a prima facie case of disability, the burden shifts to the Commissioner to prove the claimant is able to engage in other substantial gainful employment. *Maounis v. Heckler*, 738 F.2d 1032, 1034 (9th Cir. 1984).

## **DETERMINATION OF DISABILITY**

To achieve uniform decisions, the Commissioner established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 404.1520(a), 416.920 (a)-(f). The process requires the ALJ to determine whether Plaintiff (1) engaged in substantial gainful activity during the period of alleged disability, (2) had medically determinable severe impairments (3) that met or equaled one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; and whether Plaintiff (4) had the residual functional capacity to perform to past relevant work or (5) the ability to perform other work existing in significant numbers at the state and national level. *Id.* In making these determinations, the ALJ must consider objective medical evidence and opinion (hearing) testimony. 20 C.F.R. §§ 404.927, 416.927.

**A.    Medical Opinions**

Dr. Abbas Mehdi performed an orthopedic consultative examination on September 21, 2007. AR at 587-92. Plaintiff reported he suffered from pain in his left knee, left ankle, right shoulder, low back, and neck. *Id.* at 587. On examination, Plaintiff's range of motion was within normal limits in his spine and all extremities, with the exception of his right shoulder. *Id.* at 588-89. Dr. Molina opined Plaintiff "had subjective guarding and resistance against range of motion in the right shoulder but otherwise there is no significant resistance." *Id.* at 588. As a result of the examination, Dr. Molina concluded: "The claimant can lift and carry 50 pounds occasionally and 20 pounds frequently. The claimant can stand and walk six hours out of an eight hour day with normal breaks. The claimant can sit without restriction." *Id.* at 591. In addition, Dr. Molina opined Plaintiff did not demonstrate any exertional limitations. *Id.*

Dr. Ian Ocrant completed a physical residual functional capacity assessment on January 25, 2008. AR at 598-602. Dr. Ocrant noted Plaintiff's primary diagnosis was "minimal diffuse OA [osteoarthritis]." Dr. Ocrant Plaintiff could lift and carry twenty pounds frequently and ten pounds

frequently. *Id.* at 599. In addition, Plaintiff could stand, sit, or walk with normal breaks for a total of about six hours in an eight-hour workday. *Id.* Dr. Ocrant noted Dr. Molina's assessment "straddled" medium and light lifting restrictions. *Id.* at 602. Although Plaintiff was "[p]artially credible," Dr. Ocrant explained he was "giving clt [sic] benefit of the doubt" with light lifting restrictions.[2] *Id.* at 602, 604. On June 11, 2008, Dr. Wesley Jackson agreed Plaintiff was "partially credible" and affirmed the assessment of Dr. Ocrant "as written." *Id.* at 608.

Plaintiff's treating physician, Dr. Freddie Hayes since September 20, 2007, completed a physical capacities evaluation form on September 23, 2009. AR at 923-24. According to Dr. Hayes, Plaintiff "came into [the] office disabled and has continued to be disabled." *Id.* at 924. Dr. Hayes opined Plaintiff could not sit, stand, or walk for one hour in an eight-hour workday, and indicated Plaintiff must alternate sitting and standing every five minutes. *Id.* at 923. In addition, Plaintiff was occasionally able to bend, squat and stoop, but could never crawl, climb, or kneel. *Id.*

**B.   Hearing Testimony**

Plaintiff testified at a hearing before the ALJ on November 17, 2009. AR at 29. Plaintiff reported he had graduated from high school and took general education courses in college, though he did not receive a certificate or degree. *Id.* at 37.

He reported he was able to take care of his personal hygiene and prepare simple meals. *Id.* at 39. However, Plaintiff reported he did not do chores such as emptying the trash, washing dishes, or making his bed due to pain in his back and neck. *Id.* at 40-41. Plaintiff stated he went to church once a week, and grocery shopping twice a week. *Id.* at 44. In addition, he visited with others outside his home "once a day." *Id.* at 45.

Plaintiff estimated he had the ability to lift and carry five pounds without hurting himself. AR at 46. He believed he could stand for five minutes without needing to rest, or sit for five minutes before he needed to get up and move around. *Id.* at 46-47. Likewise, Plaintiff believed he could walk for five minutes before he needed to sit and rest. *Id.* He reported he had difficulty reaching overhead

---

[2] According to the Regulations, "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds," while "[m]edium work involves lifting no more than 50 pounds at a time with frequent lifting up to 25 pounds." 20 C.F.R. §§ 404.1567; 416.967.

4

with his right arm, and with bending and stooping at the waist. *Id.* at 47-48. Further, Plaintiff said he had difficulty concentrating, and believed he could concentrate for five minutes before he could not be attentive. *Id.* at 48.

Vocational expert ("VE") Jose Chaparro testified after Plaintiff at the hearing. AR at 52. The VE characterized Plaintiff's past relevant work as a merchandise driver, which was classified as medium and unskilled work. *Id.* Next, the ALJ asked the VE several hypothetical questions, and for each asked the VE to assume an individual was "the same age, education, language and experienced background" as Plaintiff. *Id.* at 53.

First, the ALJ asked the VE to consider an individual with abilities and limitations based upon the assessment of Dr. Mehdi. AR at 53. Specifically, the VE considered a person who could "lift and carry 50 pounds occasionally, 20 pounds frequently, can stand and walk six hours out of eight, with normal breaks [and] can sit without restriction." *Id.* The VE opined such a person could perform Plaintiff's past relevant work, as well as other medium work in the national economy. *Id.* at 53-54.

Second, the ALJ asked the VE to consider an individual based upon the assessment of Dr. Ocrant. AR at 54. The individual also needed "to avoid overhead reaching with the right upper extremity," and could "lift and carry 20 pounds occasionally, 10 pounds frequently," without pushing and pulling limitations. *Id.* at 54-55. Further, the person could "stand and walk about six hours out of eight [and] sit about six hours of eight." *Id.* at 55. The VE concluded this person could perform work in the national economy. As examples, the VE identified light and unskilled positions including cashier, outside deliverer, and fast foods worker. *Id.*

Third, the VE considered an individual based upon the assessment of Dr. Hayes. AR at 56. The individual could never lift above five pounds; occasionally bend, squat, and stoop; and never crawl, climb, or kneel. *Id.* The VE opined such an individual could not perform Plaintiff's past relevant work, and the world of work was "closed." *Id.* Likewise, the VE reported the world of work was closed to an individual with the limitations Plaintiff reported at the hearing. *Id.* at 56.

C. **The ALJ's Findings**

Pursuant to the five-step process, the ALJ determined Plaintiff had not engaged in substantial gainful activity since the alleged onset date of May 31, 2011. AR at 11. Second, the ALJ found

Plaintiff had the following severe impairments: mild degenerative changes at C5-C6, mild degenerative joint disease in the left elbow, early osteoarthritis of the third and fourth finger in his right hand, coronary artery disease, chest pain, gastroesophageal reflux disease, prostatitis, minimal degenerative changes in his left knee and ankle, "status post right shoulder surgery in 2000 and degenerative changes," and probable tendonitis. *Id.* The ALJ determined these impairments did not meet or medically equal a listing. *Id.*

After considering "the entire record," the ALJ determined Plaintiff had the residual functional capacity ("RFC") "to lift and carry 50 pounds occasionally and 20 pounds frequently, and stand and/or walk 6 hours and sit without restriction in an 8-hour workday." AR at 12. However, Plaintiff "must avoid overhead reaching with the right-dominant upper extremity." *Id.* With this RFC, Plaintiff was capable of performing past relevant work as a merchandise driver. *Id.* at 14. Therefore, the ALJ concluded Plaintiff was not disabled as defined by the Social Security Act. *Id.* at 15.

## DISCUSSION AND ANALYSIS

In this circuit, cases distinguish the opinions of three categories of physicians: (1) treating physicians; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither examine nor treat the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). A physician's opinion is not binding upon the ALJ, and may be rejected whether or not the opinion is contradicted by another. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). An ALJ may reject the contradicted opinion of a physician with "specific and legitimate" reasons, supported by substantial evidence in the record,. *Lester*, 81 F.3d at 830; *see also Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). When there is conflicting medical evidence, "it is the ALJ's role . . . to resolve the conflict." *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

Here, Plaintiff argues the ALJ erred in evaluating the opinion of Dr. Ocrant, a non-examining physician. (Doc. 14 at 6-7). According to Plaintiff,

> In 20 C.F.R. §§ 404.1527(d); 416.927(d), the regulations set forth six factors that the ALJ must consider in evaluating a physician's opinions: (1) Examining relationship; (2) Treatment relationship; (3) Supportability; (4) Consistency. Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion; (5) Specialization; and (6) Other factors.

> In this case, the ALJ stated that he rejected Dr. Ocrant's opinions in favor of the opinions of Dr. Mehdi because Dr. Mehdi was an examining source. AR 15. In doing so, the ALJ erred in turning the "Examining relationship" factor into a conclusive basis. The ALJ failed to consider the other five factors set forth in 20 C.F.R. §§ 404.1527(d); 416.927(d) in violation of SSR 96-6p and 20 C.F.R. §§ 404.1527(f); 416.927(f).

*Id.* at 8. Plaintiff argues this error is significant because he would be limited to light work under the assessment of Dr. Ocrant, and because he is in the "advanced age work category," a limitation to light work means that Plaintiff is disabled under grid rule 202.04. *Id.* at 7-8 (citing 20 C.F.R., Part 404, Subpart P, App'x 2 § 202.04).

**A.   The ALJ afforded the proper weight to the opinion of Dr. Ocrant.**

Generally, the opinion of a treating physician is afforded the greatest weight in disability cases, but it is not binding on an ALJ in determining the existence of an impairment or on the ultimate issue of a disability. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996); *see also* 20 C.F.R. §§ 404.1527(d); 416.927. Also, an examining physician's opinion is given more weight than the opinion of a non-examining physician. 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1). Thus, the courts apply a hierarchy of the weight afforded to the opinions offered by physicians.

Here, the ALJ noted that between the opinions of Dr. Ocrant and Dr. Mehdi, he gave "more weight to Dr. Mehdi's opinion because he was an examining source." AR at 15. Notably, the Regulations specify: "we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you." 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1). In accord with the Regulations, the Ninth Circuit has determined "the conclusion of a non-examining physician is entitled to less weight that the conclusion of an examining physician." *Pitzer v. Sullivan*, 908 F.2d 502, 506 n. 4 (9th Cir. 1990) (citing *Gallant v. Heckler*, 753 F.2d 1450, 1454 (9th Cir. 1984)); *see also Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir.2001) ("an examining physician's opinion carries more weight than a reviewing physician's"). Consequently, the ALJ's determination to give less weight to the opinion of Dr. Ocrant, a non-examining physician, was proper.

**B.   The ALJ's decision is supported by substantial evidence.**

Notably, the opinion of Dr. Mehdi, an examining physician, may constitute substantial evidence to support the ALJ's conclusion if he offered independent clinical findings which resulted in

(1) diagnoses differing from those offered by the treating physician and are supported by substantial evidence, or (2) findings based on objective medical tests that the treating physician has not considered.³ *See Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007); *Magallanes*, 881 F.3d at 751. Notably, Dr. Mehdi's evaluation was based, in part, upon objective medical testing conducted during the interview. *Id.* at 588-89. For example, he tested Plaintiff's strength and range of motion in his extremities. *Id.* Based upon these objective findings and his observations, Dr. Mehdi determined Plaintiff had the ability "to lift and carry 50 pounds occasionally and 20 pounds frequently." *Id.* at 591. Therefore, the opinion of Dr. Michiel is substantial evidence to support the ALJ's decision.

Further, the testimony of the vocational expert is substantial evidence in support of the ALJ's determination that Plaintiff can perform past relevant work. The Regulations explain that an ALJ may use a vocational expert to "offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy." 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2). In addition, a vocational expert "may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work." *Id.* Here, the vocational expert testified an individual residual functional capacity set forth by Dr. Mehdi had the ability to perform Plaintiff's past relevant work as a merchandise driver. AR at 53. Therefore, the vocational expert's testimony supports the ALJ's determination that Plaintiff is not disabled.

## CONCLUSION AND ORDER

For all these reasons, the ALJ's decision to give less weight to the opinion of Dr. Ocrant was proper. In addition, the ALJ's determination that Plaintiff could return to past relevant work was supported by substantial evidence in the record, including the opinion of Dr. Mehdi and the testimony of the vocational expert. Therefore, the ALJ's determination that Plaintiff is not disabled must be

---

³ Plaintiff does not object to the ALJ's decision to give less weight to the opinion of Plaintiff's treating physician.

upheld, because he applied the proper legal standards and substantial evidence supports his conclusion. *See Sanchez*, 812 F.2d at 510.

Accordingly, **IT IS HEREBY ORDERED**:

1. The decision of the Commissioner of Social Security is **AFFIRMED**; and
2. The Clerk of Court **IS DIRECTED** to enter judgment in favor of Defendant Michael J. Astrue, Commissioner of Social Security, and against Plaintiff Carlos Molina.

IT IS SO ORDERED.

Dated:   **May 22, 2012**                             **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE